# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2078 | **DATE** | 10/25/2004 |
| **CASE TITLE** | McHenry vs. Insurance Company of the West | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___. ___.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court concludes that defendant's disputes with the plaintiff must be submitted to arbitration under the terms of the insurance policy issued by the defendant. Defendant's motion to dismiss (6-1) is granted, and its motion to stay (6-2) is denied as moot. The plaintiff's action, which seeks a declaratory judgment that arbitration is not required and an injunction preventing arbitration, is dismissed. The Clerk is directed to enter judgment in favor of defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | r bf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

OCT 2 6 2004

COUNTY OF McHENRY,                          )
                                            )
                Plaintiff,                  )
                                            )          Case No. 04 C 2078
        v.                                  )
                                            )
INSURANCE COMPANY OF THE WEST,              )
                                            )
                Defendant.                  )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Insurance Company of the West (ICW) issued an "Excess Public Entity Liability" insurance policy to the County of McHenry, covering the period of December 1, 1998 to December 1, 1999. In August 1999, Indeck Pleasant-Valley, Inc. sued the County for denying a special use permit to construct and operate an electrical generation facility, seeking declaratory and injunctive relief and $25 million in damages. ICW took the position that due to an exclusion in the policy, it did not have a duty to defend or indemnify the County regarding Indeck's claim for damages. Despite this, ICW ultimately agreed to pay Indeck $5 million, the maximum amount of coverage under the policy, to settle Indeck's damages claim.

The insurance policy that ICW issued to the County includes a provision which states:

N.      ARBITRATION

In the event that a dispute arises between the Insured and the Company under this agreement or concerning when a claim or suit should be settled or the amount of such settlement, such dispute shall be subject to arbitration and both parties shall be bound by the findings and decision of the arbitrator or arbitrators.



The Company shall have the right, but not the duty, to determine when a claim or suit should be settled and may proceed to settle the claim or suit within its Limit of Liability. The insured and/or the company are entitled to require the other party to submit the dispute to arbitration.

...

Policy, ¶ N. ICW asked the County to submit to arbitration under the policy's arbitration provision on whether the policy excluded coverage for Indeck's claim and whether, accordingly, ICW was entitled to reimbursement for the amount it paid to settle the claim.

The County has filed suit seeking to enjoin ICW from prosecuting an arbitration proceeding, contending that the matters on which ICW seeks arbitration are outside the scope of the policy's arbitration provision. ICW has moved to dismiss the case, arguing that the question of whether the dispute is subject to arbitration is to be made by an arbitrator, and alternatively that the parties' disputes are, in fact, within the policy's arbitration provision. For the reasons stated below, the Court agrees with ICW on the latter question and therefore dismisses the County's claims.

## Discussion

**1.     Who decides whether the disputes are subject to arbitration**

The Federal Arbitration Act requires that doubts regarding whether a particular dispute falls within an agreement to arbitrate be "resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1982). But this presumption in favor of arbitration is reversed when the question is who – court or arbitrator – decides whether a particular dispute is arbitrable. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In such instances, courts should not "assume that parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Id.*

Although the arbitration provision in the policy is quite expansive, it does not fulfill the "clear and unmistakable" standard set forth in *First Options*. Though the provision requires arbitration for all disputes "under this agreement," it includes no term suggesting that the arbitrator is supposed to decide which disputes are arbitrable. Because "arbitrability is for the courts to decide unless the parties stipulate otherwise," *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 647 (1986), the issue of arbitrability is, in this case, for this Court to decide.

In arguing that the threshold issue of arbitrability must itself be decided by an arbitrator, ICW relies on *Air Line Pilots Ass'n Int'l v. Midwest Express Airlines, Inc.*, 279 F.3d 553, 556 (7th Cir. 2002), in which the court stated that "when an arbitration clause is so broadly worded that it encompasses disputes over the scope or validity of the contract in which it is embedded, issues of the contracts scope and validity are for the arbitrators." But in *Air Line Pilots*, the arbitration provision conferred on the arbitrators determination of all issues concerning the interpretation and application of the agreement, a provision missing from the arbitration clause at issue in this case.

The County argues that the language of the agreement does not satisfy the requirement of *First Options* and thus leaves determination of arbitrability with the Court. This argument, however, runs headlong into the County's argument on whether its disputes with ICW are within the scope of the arbitration provision. In arguing that the provision does not cover all disputes under the insurance policy, the County contends that the provision's coverage of disputes "under this agreement" refers only to the arbitration agreement itself, not to the policy as a whole. *See* Resp. to Mot. to Dismiss at 4, 10. The Court rejects that argument, as discussed later in this decision. But were the County's argument correct, it would require submission to arbitration of

the question of whether the parties' disputes are within the scope of the arbitration provision.

## 2.    Whether the disputes are subject to arbitration

The County argues that the coverage and reimbursement disputes are outside of the scope

of the arbitration provision. It argues that the provision's requirement of arbitration of disputes

"under this agreement" does not cover all disputes under the insurance policy but rather refers

only to the arbitration agreement itself. The County is correct that policy elsewhere uses the term

"policy" – as opposed to the term "agreement" – to refer to the policy as a whole. But in the

context of the arbitration provision, it is clear that the use of the term "under this agreement" was

meant to cover disputes arising under any part of the insurance policy. No other meaning makes

sense or accords with the rules governing interpretation of arbitration agreements. (As noted

earlier, were the Court to accept the County's interpretation, it would do the County no good, as

we would be forced to conclude that the threshold issue of arbitrability is to be decided by an

arbitrator).

The Supreme Court has stated that "where the contract contains an arbitration clause,

there is a presumption of arbitrability" and that "an order to arbitrate the particular grievance

should not be denied unless it may be said with positive assurance that the arbitration clause is

not susceptible to an interpretation that covers the asserted dispute." *AT & T*, 475 U.S. at 650.

And "once it is clear that the parties have a contract that provides for arbitration of some issues

between them, any doubts concerning the scope of the arbitration clause are resolved in favor of

arbitration." *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998). This Court has already

concluded that the arbitration agreement is broad enough to encompass all disputes under the

policy; since coverage and reimbursement disputes clearly arise under the policy, there is no

reason to exclude those issues from arbitration.

The County argues that the dispute over ICW's right to reimbursement is not subject to arbitration, because the insurer has no right to reimbursement under either the policy or Illinois law. However, when deciding whether a particular dispute falls within an agreement to arbitrate, a court "is not to rule on the potential merits of the underlying claim." *AT & T*, 475 U.S. at 649. The County's argument asks this Court to do exactly that; the argument should be presented to the arbitrator.

## Conclusion

For the reasons stated above, the Court concludes that defendant's disputes with the plaintiff must be submitted to arbitration under the terms of the insurance policy issued by the defendant. Defendant's motion to dismiss [docket #6-1] is granted, and its motion to stay [# 6-2] is denied as moot. The plaintiff's action, which seeks a declaratory judgment that arbitration is not required and an injunction preventing arbitration, is dismissed. The Clerk is directed to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 25, 2004